## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVANTE E. LLOYD, )<br>)<br>　　　Plaintiff, )<br>) C.A. No.:<br>　　v. )<br>)<br>CITY OF WILMINGTON, CITY OF )<br>WILMINGTON POLICE DEPARTMENT, )<br>OFFICER CHRISTOPHER W. WHITE, )<br>Individually and as agent of the City of )<br>Wilmington Police Department, )<br>OFFICER BRANDON D. PAYNE, )<br>Individually and As agent for the City of )<br>of Wilmington Police Department, )<br>)<br>　　　Defendants. ) | |

## NOTICE OF REMOVAL

The City of Wilmington hereby gives notice of removal pursuant to 28 *U.S.C.* §§ 1331, 1441, and 1446, and in support thereof, state as follows:

## THE REMOVED ACTION

1.　Plaintiff, Devante E. Lloyd ("Plaintiff"), commenced this action on or about April 2, 2020 by filing a Complaint in the Superior Court of New Castle County, Delaware captioned *Devante E. Lloyd vs. City of Wilmington, et al.* (the "Complaint"), attached hereto as Exhibit A.

2.　Plaintiff is a resident of the State of Delaware. Complaint, ¶1.

3.　Officer Christopher W. White, and Officer Brandon D. Payne, are employees of the City of Wilmington Police Department ("WPD"), which has a business address of 300 N. Walnut Street, Wilmington, Delaware 19801.

4.　The WPD is a department of the City of Wilmington (the "City"). The City is a municipal corporation of the State of Delaware.

5. In the Complaint, Plaintiff seeks unspecified damages and alleges as follows:[1] on April 27, 2018, the Plaintiff was operating a motor vehicle southbound on Broom Street in Wilmington, Delaware (Complaint, ¶5); the Plaintiff was pulled over by Officer White and Officer Payne, both named as Defendants to this action, (*Id*. at ¶6); after speaking to the officers, the Plaintiff exited the vehicle and began to travel, by foot, turning right onto Fifth Street ((*Id*. at ¶8); while the Plaintiff was traveling on Fifth Street, a vehicle operated by Officer White, and which was owned by the City, and/or the WPD, in an allegedly negligent, grossly negligent, intentional and/or reckless manner struck the Plaintiff forcing him into a stone wall, resulting in serious injuries (*Id*. at ¶9); after the Plaintiff was struck by the vehicle, Officer Payne, who was traveling by foot on Fifth Street, in an allegedly negligent, grossly negligent intentional and/or reckless manner, violently threw the Plaintiff to the ground and allegedly struck the Plaintiff multiple times with his hands, knees and legs (*Id*. at ¶10).

6. The Plaintiff raises the following counts: Count I, negligence against Officer White (*Id*. at ¶13); Count II,  negligence against Officer Payne (*Id*. at ¶15); Count III alleging agency and *respondeat superior* against the City and the WPD (*Id*. at ¶19-20); Count IV, raised under 42 U.S.C. §1983, alleges excessive use of force (*Id*. at ¶19-20); Count V, raised under 42 U.S.C. §1983, alleges that the City and the WPD through their authorized agents, servants, and employees, permitted, encouraged and tolerated an official pattern, practice or custom of its law enforcement officers violating the Federal constitutional rights of the public at large, including the Plaintiff (*Id*. at ¶27).  The Plaintiff seeks unspecified damages. (*Id*. at ¶34).

7. Pursuant to 28 *U.S.C.* § 1446(a), a copy of all process, pleadings, and other orders, except the Complaint, which is attached as Exhibit A, in the Superior Court file for Civil Action

---

[1] This paragraph merely contains a recitation of the facts in the Complaint and should not be construed as an admission by any of the Defendants.

No. N20C-04-015 MMJ are attached hereto as Exhibit B.

## GROUNDS FOR REMOVAL

8. With exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 *U.S.C.* § 1331.

9. Under 28 *U.S.C.* § 1331, this Court has original jurisdiction over Plaintiff's action. As explained below, Plaintiff's Complaint raises issues arising under the Constitution and laws of the United States and his right to relief necessarily depends on resolution of substantial questions of federal law. Thus, removal is proper pursuant to 28 *U.S.C.* § 1441.

### REMOVAL IS APPROPRIATE BASED UPON TWO CLAIMS WHICH RAISE SUBSTANTIAL QUESTIONS OF FEDERAL LAW

10. Federal courts have federal question jurisdiction over a claim when "either . . . federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation omitted). Additionally, a state law action will also give rise to federal question jurisdiction when it appears from the Complaint that the right to relief depends upon the construction or application of federal law. *See, Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfr.*, 545 U.S. 308, 314 (2005).

11. This Court has original jurisdiction over this matter pursuant to 28 *U.S.C.* § 1331 as Counts IV and V of the Complaint are brought under 42 U.S.C. §1983, and raise Constitutional issues, and issues of federal law.

12. Removal of this action is also appropriate as Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. The federal question jurisdiction of the district courts encompasses causes of action created by federal statutes, such as 42 *U.S.C.* § 1983, which explicitly authorizes a private remedy for acts that are taken under color of state law and violate rights secured by federal law. As Counts IV and V of the Complaint are premised upon the allegations that Defendants used excessive force (*Id.* at ¶19-20), and permitted, encouraged and tolerated an official pattern, practice or custom of its law enforcement officers violating the Federal constitutional rights of the public at large, including the Plaintiff (*Id.* at ¶27), the Plaintiff's case is wholly dependent upon a resolution of substantial questions of federal law.

13. The compelling need to fully analyze the complex and intricate framework of the federal constitutional claims and federal law raised in the Complaint greatly outweighs any factors needed to analyze claims of negligence, agency and *respondeat superior*. For the reasons above, removal is proper, and this action should be heard by this Court.

## **REMOVAL IS OTHERWISE PROPER**

14. Venue properly rests in the United States District Court for the District of Delaware, as this action is being removed from the Superior Court of the State of Delaware.

15. The Defendants are empowered under 28 *U.S.C.* § 1441, *et seq.* to remove this action to federal court.

16. Pursuant to 28 *U.S.C.* § 1446(d), a Notice of Filing Notice of Removal is being filed with the Superior Court of the State of Delaware in and for New Castle County and is also being served on Plaintiff. A true and correct copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit C.

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request that the matter pending before the Superior Court of Delaware be removed to the United States District

Court in and for the District of Delaware in all regards, including trial and determination of all issues, written notice of such request for removal having been provided to Plaintiff.

                              **CITY OF WILMINGTON LAW DEPARTMENT**

                              *By:  /s/Aaron C. Baker*
                              Aaron C. Baker (DE I.D. #5588)
                              Senior Assistant City Solicitor
                              Louis L. Redding City/County Building
                              800 N. French Street, 9th Floor
                              Wilmington, DE 19801
                              (302) 576-2175
                              *Attorney for Defendants*

Date:  July 14, 2020