**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DEVANTE E. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:1:20-cv-00942 MN |
| v. | ) | |
| | ) | |
| CITY OF WILMINGTON, CITY OF | ) | |
| WILMINGTON POLICE DEPARTMENT, | ) | |
| OFFICER CHRISTOPHER W. WHITE, | ) | |
| Individually and as agent of the City of | ) | |
| Wilmington Police Department, | ) | |
| OFFICER BRANDON D. PAYNE, | ) | |
| Individually and as agent for the City of | ) | |
| of Wilmington Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Aaron C. Baker, Esquire (No. 5588)
Laura Nastase Najemy, Esquire (No. 6189)
CITY OF WILMINGTON LAW DEPARTMENT
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorneys for Defendants*

Dated: August 24, 2020

W0111627.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...................................... 1

SUMMARY OF ARGUMENTS .................................................................................................. 3

STATEMENT OF FACTS .......................................................................................................... 4

ARGUMENT ............................................................................................................................. 6

    I.    COUNT I OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SUFFICIENT
    FACTS TO STATE A PLAUSIBLE CLAIM AGAINST OFFICER WHITE FOR
    NEGLIGENCE. ....................................................................................................... 6

        A.  Plaintiff has failed to plead sufficient facts to establish each of the elements of his
        negligence claims against Officer White. ........................................................ 6

        B.  Plaintiff has failed to plead sufficient facts to establish that his negligence claims against
        Officer White fall within an exception to the broad tort immunity granted to Officer
        White under Delaware state law. ..................................................................... 9

    II.    COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SUFFICIENT
    FACTS TO STATE A PLAUSIBLE CLAIM AGAINST OFFICER PAYNE FOR
    NEGLIGENCE. ..................................................................................................... 13

        A.  Plaintiff has failed to plead sufficient facts to establish each of the elements of a
        negligence claim against Officer Payne or an exception  to the broad tort immunity
        granted to both Officer Payne and Officer White under Delaware state law. ............... 13

    III.    COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A CLAIM
    FOR VICARIOUS LIABILITY AGAINST THE CITY AND THE WPD. ............................ 13

    IV.    COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A CLAIM
    UNDER SECTION 1983 AGAINST THE OFFICER DEFENDANTS FOR THE ALLEGED
    USE OF EXCESSIVE FORCE. .............................................................................. 14

    V.    COUNT V OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A *MONELL*
    CLAIM UNDER SECTION 1983 AGAINST THE CITY AS PLAINTIFF HAS PROVIDED
    NO FACTUAL ALLEGATIONS IN THE COMPLAINT TO SHOW THAT THE CITY HAS
    ADOPTED AN UNCONSTITUTIONAL POLICY OR CUSTOM. ...................................... 15

    VI.    COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH OR
    INCORPORATE FACTS WHICH SET FORTH A PLAUSIBLE CLAIM FOR PUNITIVE
    DAMGES........................................................................................................... 18

CONCLUSION........................................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases**

*316, Inc. v. Maryland Cas. Co.*, 625 F. Supp. 2d 1179 (N.D. Fla. 2008) ..................................... 19

*Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999) ................................................................. 15

*Allegrino v. Conway E & S, Inc.*, 2010 U.S. Dist. LEXIS 106734 (W.D. Pa. Oct. 6, 2010)........ 19

*Sussex County v. Morris*, 610 A.2d 1354 (Del. 1992) ................................................. 11

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) ................................................. 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 6

*Bergstresser v. Bristol-Myers Squibb Co*., No. 3:12-1464, 2013 U.S. Dist. LEXIS 58482 (M.D. Pa. Apr. 24, 2013) ................................................................................................ 8

*Brower v. County of Inyo*, 489 U.S. 593 (1989) ............................................................ 15

*Brown v. Gartside*, 2004 Del. Super. LEXIS 83 (Del. Super. March 5, 2004) ............................. 8

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)..................................................... 17

*Colo. Outfitters Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050 (D. Colo. 2014)............................ 7

*Fedor v. Van Note-Harvey Associates*, 2011 U.S. Dist. LEXIS 29446 (E.D. Pa. March 18, 2011) ................................................................................................................. 18

*Fiat Motors of N. Am. v. Wilmington*, 498 A.2d 1062 (Del. 1985) ....................................... 10, 14

*Fiat Motors of N. Am. v. Wilmington*, Civil Action No. 82-691 CMW, 1987 U.S. Dist. LEXIS 7529 (D. Del. Aug. 20, 1987) ............................................................................. 9

*Heaney v. New Castle County*, 672 A.2d 11 (Del. 1995) .................................................. 9, 11, 14

*Jardel Co. v. Hughes*, 523 A.2d 518 (Del. 1987) ........................................................... 18

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ................................................. 16

*Moore v. Wilm. Hous. Auth.*, 619 A.2d 1166 (Del. 1993). .............................................. 10

*New Haverford P'ship v. Stroot*, 772 A.2d 792 (Del. 2001).............................................. 7

*Robinson v. Clemons*, 987 F. Supp. 280 (D. Del. 1998)..................................................... 12, 14

*Robinson v. Family Dollar, Inc.*, 679 F. App'x 126 (3d Cir. 2017) ................................................. 6

*Schueler v. Martin*, 674 A.2d 882 (Del. Super. 1996) ........................................................ 11, 14

*Triple C Railcar Serv., Inc. v. Wilmington*, C.A. No. 90C-FE-101, 1992 Del. Super. LEXIS 426 (Del. Super. Sept. 17, 1992) ........................................................................................... 9

*Van Nguyen v. Boeing Co*., No. C10-0415MJP, 2010 U.S. Dist. LEXIS 51514 (W.D. Wash. May 25, 2010) ................................................................................................................... 8

*Whitfield v. Wilmington Police Dep't*, Civil Action No. 06-541-GMS, 2007 U.S. Dist. LEXIS 70985 (D. Del. Sep. 25, 2007) ................................................................................... 14

**Statutes**

10 *Del C.* § 4011(a) ........................................................................................................ 9

10 Del. C. § 4010 *et seq.* ............................................................................................. 3, 9

10 *Del. C.* § 4012 ........................................................................................................ 10

42 *U.S.C.* § 1983 ......................................................................................................... 1

**Rules**

Federal Rule of Civil Procedure (the "Rule(s)") 12(b)(6) ............................................... 6

**Treatises**

RESTAT 2D OF TORTS, § 282 ........................................................................................... 7

RESTATEMENT (SECOND) OF TORTS § 908 ........................................................................ 18

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On April 2, 2020, Plaintiff Devante E. Lloyd filed his *Complaint* [D.I. No. 1-1] in the Superior Court of the State of Delaware. The *Complaint* asserts claims against Defendants City of Wilmington and the Wilmington Police Department (collectively, "the City") as well as against two individual defendants, Officer Christopher W. White and Officer Brandon D. Payne (collectively, "the Officer Defendants"), for negligence under Delaware state law and under 42 *U.S.C.* § 1983 ("Section 1983") for the alleged deprivation of Plaintiff's Constitutional right to be free from unreasonable governmental seizure of his person. *See generally* Compl. [D.I. No. 1-1] (attached as Exhibit A to Defendants' *Notice of Removal* [D.I. No. 1]).

Plaintiff's claims arise from a traffic stop, foot pursuit, and arrest in which he alleges the Officer Defendants caused injury to Plaintiff.  Compl. [D.I. No. 1-1], ¶¶1-14.  Plaintiff is seeking, among other things, compensatory and punitive damages for the alleged injuries to his person as well as attorneys' fees.  *Id.* ¶34.

On July 14, 2020, Defendants filed their *Notice of Removal* [D.I. No. 1] in this Court; thereby removing the case from the Superior Court of the State of Delaware to this Court which has original jurisdiction over claims arising under Section 1983 and the Constitution of the United States.  *See generally* Notice of Removal [D.I. No. 1]; *see also* 28 *U.S.C.* § 1331.

On July 24, 2020, the Court entered its order approving of the parties' *Stipulation and (Proposed) Order Governing Briefing of Defendants' To-Be Filed Motion to Dismiss* [D.I. No. 4] which permitted Defendants to file a motion to dismiss and opening brief in support thereof no later than August 25, 2020. *See* Stipulation and Order Governing Briefing of Defendants' To-Be Filed Motion to Dismiss [D.I. No. 5], at 2.

On August 24, 2020, Defendants filed its *Motion to Dismiss Plaintiff's Complaint* (the "Motion").  This is Defendants' Opening Brief in support of the Motion.

## SUMMARY OF ARGUMENTS

The Plaintiff's claims of negligence against the Officer Defendants in Counts I and II must be dismissed because they fail to establish each of the elements of a negligence claim under Delaware law.  Moreover, the Plaintiff's allegations against the Officer Defendants in Counts I and II fail to overcome the broad tort immunity granted to the Officer Defendants under Delaware's County and Municipal Tort Claims Act, 10 *Del. C.* § 4010 *et seq.* (the "MTCA"). Likewise, the Plaintiff's claim in Count III, that the City is vicariously liable for the actions of the Officer Defendants, must be dismissed because the MTCA is clear that the City only waives immunity for claims of negligence, not for grossly negligent, reckless and/or intentional actions as plead by the Plaintiff.  Additionally, the negligence claim against the City fails because the actions of the Officer Defendants resulted from a discretionary duty or function on their part, and the law is clear that a governmental entity such as the City shall not be liable for any damage claim which results from the performance of a discretionary function.

Count IV of the Complaint alleging excessive use of force by the Officer Defendants, is completely devoid of any allegation that Plaintiff was taken into custody or otherwise seized. Without any such allegations, Count IV fails to plead a claim under Section 1983 for use of excessive force for persons at liberty in violation of the Fourth Amendment.

Count V of the Complaint attempts to state a so-called *Monell* claims against the City under Section 1983, but fails to plead facts sufficient to establish a municipal policy or custom as required to state a claim against the City under Section 1983.

Finally, Count VI of the Complaint asserts claims for punitive damages which are not recoverable based the facts alleged in the Complaint.

W0111627.

3

## STATEMENT OF FACTS

The City is a municipal corporation of the State of Delaware which is empowered under the laws of the State of Delaware to engage in criminal law enforcement operations.[1]  Compl. [D.I. No. 1-1], ¶ 2.  The City conducts its criminal law enforcement activities through its police department, the so-called Wilmington Police Department (the "WPD").  *Id.* ¶2.  The WPD, however, is not an entity separate and apart from the City.  *Whitfield v. Wilmington Police Dep't*, Civil Action No. 06-541-GMS, 2007 U.S. Dist. LEXIS 70985, at *15 n.5 (D. Del. Sep. 25, 2007) ("As correctly noted by the Wilmington Police Department in its motion, it is not a separate entity for purposes of suit, but is merely a department within the City of Wilmington, Delaware.").  To perform its criminal law enforcement functions, the City employs persons to serve as police officers within its police department, including the Officer Defendants.  Compl. [D.I. No. 1-1], ¶¶2-4.

On April 27, 2018, Officer Defendants conducted a traffic stop of a vehicle operated by Plaintiff in Wilmington, Delaware.  *Id.* ¶¶ 5-6.  After initially speaking with the Officer Defendants, Plaintiff exited his vehicle and fled on foot.  *Id.* ¶ 8.  Officer White gave chase in his police vehicle while Officer Payne followed on foot.  *Id.* ¶ 9-10.

Plaintiff alleges that the chase concluded when Officer White, who was in a vehicle, "struck the plaintiff forcing him into stone wall located adjacent to the sidewalk" upon which Plaintiff was travelling.  *Id.*¶ 9.  Plaintiff alleges that these actions of Officer White were "negligent, grossly

---

[1]  For the purposes of this brief, and consistent with the standard for dismissal under F.R.C.P. 12(b)(6), the City accepts as true all well-pleaded allegations contained within Plaintiff's Complaint.  The City, however, intends to dispute many of Plaintiff's allegations in the event the Complaint survives dismissal.

negligent, intentional and/or reckless." and resulted in unspecified "serious injuries" to Plaintiff. *Id*.

Plaintiff also alleges that, after the conclusion of the chase, Officer White "drag[ged] Plaintiff onto the sidewalk." *Id.* ¶ 11.  Plaintiff alleges that these actions of Officer White were "negligent, grossly negligent, intentional and/or reckless." and resulted in unspecified "further injuries" to Plaintiff.  *Id.*

Finally, Plaintiff further alleges that Officer Payne, after arriving at the scene where the chase concluded, "threw the Plaintiff to the ground and struck him multiple times with his hands, knees, and legs."  *Id.*¶ 10.  Plaintiff alleges that these actions of Officer Payne were "negligent, grossly negligent, intentional and/or reckless." and resulted in unspecified injuries to Plaintiff.  *Id.* *¶¶* 10 and 16.

## ARGUMENT

When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure (the "Rule(s)") 12(b)(6), this Court conducts a three-part analysis. *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017). <u>First</u>, "the court must take note of the elements the plaintiff must plead to state a claim." *Id.* (internal quotations omitted). <u>Second</u>, "it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131-32 (internal quotations omitted). Indeed, the Court need not assume the truth of legal conclusions, nor of "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v.Iqbal*, 556 U.S. 556 U.S. 662, 663 (2007). <u>Third</u>, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Robinson*, 679 F. App'x, at 132. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The mere establishment of a "suspicion of" or 'possible" or "speculative" entitlement to relief is insufficient. *Twombly,* 550 U.S. at 555.

I.   **COUNT I OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM AGAINST OFFICER WHITE FOR NEGLIGENCE.**

   A.   **Plaintiff has failed to plead sufficient facts to establish each of the elements of his negligence claims against Officer White.**

Plaintiff attempts in a single count of his Complaint, Count I, to assert a claim of negligence against Officer White for two separate acts or omissions. First, Plaintiff alleges that Officer White "struck the plaintiff forcing him into a stone wall located adjacent to the sidewalk" upon which Plaintiff was travelling, and was "negligent, grossly negligent, intentional and/or reckless" in doing

W0111627.

6

so.  Compl. ¶ 9.  Second, Plaintiff alleges that Officer White Officer "drag[ged] Plaintiff onto the sidewalk," and was "negligent, grossly negligent, intentional and/or reckless" in doing so.  *Id.* ¶ 11.  Plaintiff's allegations in his Complaint are insufficient, however, to establish his claims of negligence against Officer White.

Under Delaware law, "[t]o state a claim for negligence one must allege that defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of plaintiff's injury." *New Haverford P'ship v. Stroot*, 772 A.2d 792, 798 (Del. 2001).  For both alleged acts or omissions alleged against Officer White in Count I of the Complaint, Plaintiff sets forth the same conclusory statement regarding Officer White's culpability for the alleges act or omission – namely, that Officer White was "negligent, grossly negligent, intentional and/or reckless." Compl. ¶¶ 9, 11, & 13.  Not only does Plaintiff's failure to commit to an alleged level of culpability in support of his claims by setting forth a laundry-list of possible legal standards not warrant this Court's acceptance of those allegations as true under *Iqbal/Twombly*, but it is internally and logically incoherent as one cannot act both negligently and intentionally.  RESTAT 2D OF TORTS, § 282, comment a (noting that negligence "excludes conduct which creates liability because of the actor's intention to invade a legally protected interest of the person injured").  As drafted, Plaintiff's Complaint alleges that Officer White acted negligently *and* grossly negligent *and* intentionally *and* recklessly *or* just one of those *or*, in the absence of proof of those, "was otherwise negligent, grossly negligent and/or reckless as the discovery process will reveal."  This is not the targeted, fact-based pleading required by under *Iqbal/Twombly*, but, rather, is a conclusion-based "spray and pray"[2] strategy of pleading which attempts to state a claim by setting

---

[2]  Spray and pray is a derisive term for firing an automatic firearm towards a target in long bursts, without making an effort to line up each shot or burst of shots.  *See  Colo. Outfitters Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050, 1072 (D. Colo. 2014) (summarizing witness who testified that
W0111627.

forth every level of culpability in the hopes that one will find its way to Plaintiff's intended target. But, by alleging that Officer White acted simultaneously with all levels of culpability or one or some other, Plaintiff has effectively and sufficiently pled no level of culpability against Officer White under *Iqbal*/*Twombly*. Indeed, after *Iqbal*/*Twombly* quoting the legal standards – even all of them as Plaintiff has done here – is insufficient under Rule 8 of the F.R.C.P.

Additionally, Plaintiff has not set forth with any specificity what injury he suffered. At best, Plaintiff describes his injuries as "serious," Compl. ¶ 9, but Plaintiff's bare allegations that an injury occurred without any factual specificity supporting the same is ineffective under *Iqbal*/*Twombly*. *Bergstresser v. Bristol-Myers Squibb Co*., No. 3:12-1464, 2013 U.S. Dist. LEXIS 58482, at *10 (M.D. Pa. Apr. 24, 2013) (holding that an allegation of "sustained serious and permanent injuries" was vague and conclusory and did not meet the requirements of *Iqbal*/*Twombly*); *Van Nguyen v. Boeing Co*., No. C10-0415MJP, 2010 U.S. Dist. LEXIS 51514, at *11 (W.D. Wash. May 25, 2010) (dismissing negligence claim where Plaintiff had "not plead with any specificity what the duty is, what injury was suffered, or the proximate cause of the breach"). It would seem though that Plaintiff would have the Court accept a *res-ipsa-loquitor*-like view that the limited description of the events underlying Plaintiff's negligence claims *speak for themselves* with respect to the nature and existence of Plaintiff's injuries – but *Iqbal*/*Twombly* and Delaware substantive law require more. *See Brown v. Gartside*, 2004 Del. Super. LEXIS 83, *5 (Del. Super. March 5, 2004) ("In negligence cases, the Court instructs the jury that the mere fact that an accident occurred is not proof of defendant's negligence."). Without additional factual foundation, this Court cannot conclude that an injury to Plaintiff in fact occurred.

---

"when training individuals to use high-capacity semiautomatic weapons, his students frequently feel the need to 'spray and pray,' meaning that they believe that they should fire all of their rounds in the hope that at least one shot will hit the intended target.").

W0111627.

Also, because there is a lack of specificity in the Complaint as to Plaintiff's alleged injuries, Plaintiff has also failed to set forth facts from which the Court can conclude that Plaintiff has pled causation.  Indeed, how can the Court test and discern the plausibility of Plaintiff's negligence claims if the conclusion (*i.e.*, damages or injury) of the alleged causation pathway is obscured by an utter lack of specificity.

> **B.     Plaintiff has failed to plead sufficient facts to establish that his negligence claims against Officer White fall within an exception to the broad tort immunity granted to Officer White under Delaware state law.**

Plaintiff's claim against the Officer White for negligence implicates the broad tort immunity granted to government entities and employees, such as Officer White, by Delaware's County and Municipal Tort Claims Act, 10 *Del. C.* § 4010 *et seq.* (the "MTCA").  The MTCA establishes "broad immunity for local government entities" and their employees subject only to specific exceptions set forth therein. *Heaney v. New Castle Cty.*, 672 A.2d 11, 13 (Del. 1995). Section 4011(a) of the MTCA provides that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 *Del. C.* § 4011(a).  Delaware courts - both federal and state - have repeatedly applied the MTCA to dismiss negligence claims against Delaware municipalities. *See*, *e.g.*, *Triple C Railcar Serv., Inc. v. Wilmington*, C.A. No. 90C-FE-101, 1992 Del. Super. LEXIS 426, at *8 (Del. Super. Sept. 17, 1992) (dismissing negligence claim against City of Wilmington because of the immunity granted to it by the MTCA); *Fiat Motors of N. Am. v. Wilmington*, Civil Action No. 82-691 CMW, 1987 U.S. Dist. LEXIS 7529, at *11 (D. Del. Aug. 20, 1987) (same).  As such, the City and its employees are immune from suit for state law torts, and, therefore, Plaintiff's negligence claim against Officer White must be dismissed unless

Plaintiff has pled facts which establish an exception to the immunity granted to the City in the MTCA.

Here, Plaintiff has failed to allege the facts necessary to sufficiently establish any of the exceptions to the immunity granted to Officer White in the MTCA and, in fact, sets forth allegations that defeat the application of the only plausible exception available under the MTCA. The limited exceptions to immunity from suit, which apply only to claims for "negligent acts" under the MTCA apply only to cases in which *the City* is alleged to have caused injury:

> (1)  In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

> (2)  In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

> (3)  In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water. 10 *Del. C.* § 4012.

These three exceptions "are the only activities as to which municipal immunity is waived" and are "strictly construed . . . so as not to undermine the broad immunity granted by the [MTCA]." *Fiat Motors of N. Am. v. Wilmington*, 498 A.2d 1062, 1066 (Del. 1985); *Moore v. Wilm. Hous. Auth.*, 619 A.2d 1166, 1168 (Del. 1993).

For Plaintiff's allegation against Officer White that he "drag[ged] Plaintiff onto the sidewalk" none of the three exceptions even plausibly apply to these facts.  Compl. ¶ 11. Indeed, this allegation does not involve a motor vehicle, a public building, or an accidental chemical discharge – one of which would be necessary to bring Plaintiff's allegations within the exceptions to the broad immunity granted to Officer White.

For Plaintiff's allegation against Officer White that he "struck the plaintiff forcing him into stone wall located adjacent to the sidewalk" upon which Plaintiff was travelling, while alleging the use of a motor vehicle (an exception to immunity under the MTCA for negligent acts only), it fails by alleging that Officer White was "negligent, grossly negligent, intentional and/or reckless." Compl. ¶ 9; *see Schueler v. Martin*, 674 A.2d 882, 887 (Del. Super. 1996) ("As applied to governmental entities the [Act] does not create an exemption from its blanket immunity provision for conduct that is intentional, willful, malicious, reckless or grossly negligent."); *see also Robinson*, 987 F. Supp. at 284; *see also Sussex County v. Morris*, 610 A.2d 1354, 1357 (Del. 1992); *see also Heaney v. New Castle County*, 672 A.2d 11, 13-14 (Del. 1995). Again, by alleging that Officer White acted simultaneously with all levels of culpability or one or some other to be revealed during discovery, Plaintiff has effectively and sufficiently pled no level of culpability against Officer White under *Iqbal/Twombly* – especially when paired with a complete lack of facts from which the Court can determine which are plausible.

Moreover, the Plaintiff's claim arising from alleged negligence of the officers must be dismissed because it results from a discretionary duty or function on the part of the officers. *Heaney*, 672 A.2d at 14. The MTCA is clear that "[n]otwithstanding §4012 of this title, a governmental entity shall not be liable for any damage claim which results from … [t]he performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused. 10 *Del. C.* § 4011(b)(3). The Delaware Supreme Court has distinguished between discretionary and ministerial government acts, by adopting the definition of "ministerial" as set forth in the Restatement (Second) of Torts. An act is ministerial if the "act of the official involves less in the way of personal decision or judgment or the matter for which judgment is required has little bearing of importance upon the validity of the act." *Trievel v. Sabo*, 1996 Del.

Super. LEXIS 150, *12 (Del. Super May 10, 1996).  For example, a Delaware Court has held that examining school bleachers for defects was ministerial and defined ministerial acts as those "which a person or board perform in a given state of facts in a prescribed manner in obedience to the mandate of legal authority without regard to or exercise of his or their own judgment upon the propriety of the act being done." *Id*. at *12-13.

Clearly, taking all the well-pled facts in the Complaint as true, the decisions of Officer White in how to conduct a pursuit are not ministerial.  The selection of whether and how to conduct a pursuit involves almost entirely a police officer's personal decision or judgment, and as such the actions of the officers are discretionary. *Robinson v. Clemons*, 987 F. Supp. 280, 284 (D. Del. 1998) (citing to MTCA § 4011(b) and concluding "[t]here is no dispute that at the time of the incident in question, the officers were engaging in a discretionary function" when arresting plaintiff).  Nor can the Plaintiff argue that the manner of the stop or pursuit is dictated by City policy because in Count V of the Complaint, the Plaintiff contends that the City had a pattern, practice or custom of having policies which failed "to adequately train officers regarding procedures when interacting with citizens …[and] proper use of force to subdue citizens."  Compl. ¶28(a-b).  If this conclusory statement is taken as true, then the manner in which to conduct a pursuit was dictated by the officers' own personal decision or judgment, not City policy.  This makes the actions of Officer White entirely discretionary and § 4011(b) of the MTCA is clear that, notwithstanding the three limited exceptions to municipal immunity listed in § 4012, a governmental entity shall not be liable for any damage claim which results from … [t]he performance [of] a discretionary function."  As Officer White's actions were discretionary, he is immune from suit.

For these reasons, Count I of the Complaint should be dismissed.

**II.    COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM AGAINST OFFICER PAYNE FOR NEGLIGENCE.**

    **A.    Plaintiff has failed to plead sufficient facts to establish each of the elements of a negligence claim against Officer Payne or an exception to the broad tort immunity granted to both Officer Payne and Officer White under Delaware state law.**

In Count II, Plaintiff seeks to assert a claim of negligence against Officer Payne.  First, Plaintiff alleges that Officer Payne "threw plaintiff to the ground and struck him multiple times with his hands, knees, and legs" upon which Plaintiff was travelling, and was "negligent, grossly negligent, intentional and/or reckless" in doing so.  Compl. ¶ 10.  As a result, Plaintiff alleges he sustained unspecified injuries. *Id.* ¶ 15.  For the same reasons that Plaintiff's claims against Officer White fail to provide sufficient factual detail to state a claim for negligence, Plaintiff's negligence claim against Officer Payne also fails.

Nor does Plaintiff's claim for negligence against Officer Payne contain facts which establish any of the three exceptions to Officer Payne's tort immunity under the MTCA.  Indeed, Plaintiff's Complaint contains no allegation that he suffered his unspecified injuries due to a motor vehicle, a public building, or an accidental chemical discharge at the hands of Officer Payne. As such, Officer Payne's immunity under the MTCA remains intact, and Count II of the Complaint should be dismissed.

**III.    COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A CLAIM FOR VICARIOUS LIABILITY AGAINST THE CITY AND THE WPD.**

Plaintiff seeks to hold the City and the WPD vicariously liable "[p]ursuant to the principles of agency and the doctrine of respondeat superior" for the allegedly "negligent, grossly negligent, reckless and/or intentional actions and omissions of the officers."  Compl. ¶ 20.  First, the WPD is not an entity separate from the City which is capable of suit, and must be dismissed from this

case.  *Whitfield*, Civil Action No. 06-541-GMS, 2007 U.S. Dist. LEXIS 70985, at *15 n.5 (D. Del. Sep. 25, 2007).  Second, as discussed above, Plaintiff has not set forth any claims for negligence against the Officer Defendants.  As the Plaintiff's claims of negligence against the Officer Defendants fail, the Plaintiff cannot impute liability to the City.

The MTCA provides only three very narrow exceptions to the immunity granted to government entities.  The Delaware Supreme Court has ruled the three exceptions in 10 *Del. C.* § 4012 are the only activities for which municipal immunity is waived.  *Fiat Motors of North America, Inc*, 498 A. 2d at 1066.  Section 4012 clearly states that a governmental entity shall be exposed to liability [in the three narrow categories] for its *negligent* acts." [emphasis added]. Therefore, the City has waived immunity only for ordinary negligence under the three limited circumstances set forth in 10 *Del. C.* § 4012, and it remains immune from liability for grossly negligent, reckless, or intentional actions and omissions.  *See Schueler*, 674 A.2d at 887; *see also Robinson*, 987 F. Supp. at 284; *see also Sussex County*, 610 A.2d at 1357; *see also Heaney*, 672 A.2d at 13-14.  As such, the claims in Count III of the Plaintiff's complaint arising from allegedly grossly negligent, reckless and/or intentional actions and omissions of the officers must be dismissed.

Moreover, the Plaintiff's negligence claim against the City, must be dismissed because, as discussed above, it results from a discretionary duty or function on the part of the Officer Defendants, and a governmental entity such as the City shall not be liable for any damage claim which results from the performance of a discretionary function. 10 *Del. C.* § 4012; *Heaney*, 672 A.2d at 14.

## IV.  COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A CLAIM UNDER SECTION 1983 AGAINST THE OFFICER DEFENDANTS FOR THE ALLEGED USE OF EXCESSIVE FORCE.

Plaintiff alleges in Count IV of his Complaint that Officer Defendants used "excessive force under circumstances in violation of rights secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by [Section 1983]."  Compl. ¶ 22.  To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999).  The Fourth Amendment provides, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated."  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989).  Importantly, in this case, the Complaint is completely devoid of any allegation that Plaintiff was taken into custody or otherwise seized.  Indeed, while Plaintiff concludes that that he experienced a "loss of personal freedom," he does not actually allege as a factual matter that he was arrested, taken into custody, stopped, or otherwise restrained as a result of the force Plaintiff claims was excessive.  Compl. ¶ 25.  Without a well-pleaded allegation that Plaintiff was seized by Defendants, Plaintiff's claim under Section 1983 fails and should be dismissed.

**V.    COUNT V OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A *MONELL* CLAIM UNDER SECTION 1983 AGAINST THE CITY AS PLAINTIFF HAS PROVIDED NO FACTUAL ALLEGATIONS IN THE COMPLAINT TO SHOW THAT THE CITY HAS ADOPTED AN UNCONSTITUTIONAL POLICY OR CUSTOM.**

Plaintiff brings claims against the City and the WPD under Section 1983, alleging that "through their authorized, agents, servants, and employees, [they] permitted, encouraged, and tolerated an official pattern, practice or custom of its law enforcement officers violating the Federal constitutional rights of . . . the plaintiff."  Compl. ¶27.  Plaintiff then proceeds to lists in a series

of conclusory statements, unsupported by even a scintilla of fact, these policies, "one of or more" of which were the allegedly the proximate cause of the Plaintiff's injuries.  Compl. ¶ 29. These policies include: failure to adequately train officers regarding procedures when interacting with citizens, proper use of force to subdue citizens, how to respond when a fellow officer uses unjustifiable excessive force on a citizen, failure to discipline officers with respect to violations of laws and policies, and failure to adequately investigate citizens' complaints.  Compl. ¶ 28(a-e). Even taking the Complaint in the light most favorable to the Plaintiff, the Plaintiff needs more than mere labels and conclusions, which is what the Plaintiff has in this case, to survive a motion to dismiss.  *Alston*, 2013 WL 5956226, at *1; *see Ashcroft*, 556 U.S. at 662; *Twombly*, 550 U.S. at 544.

Under *Monell*, a municipal government is liable under Section 1983 only when the "execution of a government's policy or custom … inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  *Monell* defines municipal policy as "a statement, ordinance, regulation, or decision officially adopted and promulgated by a [a local governing] body's officers." *Id*. at 690.

With regard to this policy claim, no facts are alleged by the Plaintiff to support the conclusion that the City has actually adopted an official policy of failing to adequately train officers regarding procedures when interacting with citizens, proper use of force to subdue citizens, how to respond when a fellow officer uses unjustifiable excessive force on a citizen, failure to discipline officers with respect to violations of laws and policies, and failure to adequately investigate citizens' complaints.  Compl. ¶ 28(a-e).

When read in the light most favorable to the Plaintiff, the allegations in the Complaint are not sufficient to show that the City has any of the policies alleged by the Plaintiff in paragraphs

28(a) through 28(e) of the Complaint.  The Plaintiff does not provide a single fact to support the conclusions that such policies exist.

Municipal "[p]olicy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).  The Complaint contains no fact to illustrate that the City had an official policy of failing to implement existing anti-discrimination, anti-harassment and anti-retaliation policies.  No "decision maker possessing final authority" is identified establishing such an unconstitutional policy.  No specific policy language is quoted.  No official proclamation, ordinance, or edict is cited.  There are no facts alleged sufficient to move the allegation into the realm of the "plausible" (or even into the "possible" range).  The Plaintiff has not met (and cannot meet) his burden under *Twombly* and *Iqbal* to plead specific facts sufficient to support the claim that the City has adopted such policies, and

The Plaintiff has also failed to show the existence of any unconstitutional custom or practice by the City which could lead to liability under §1983.  "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of . . . officials [are] so permanent and well settled' as to virtually constitute law." *Id.* (quoting *Monell*, 436 U.S. at 690).  To establish custom, plaintiffs must show a pattern, which entails "considerably more proof than a single incident."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  The Plaintiff has not shown any pattern by the City of adopting policies of failing to adequately train officers regarding procedures when interacting with citizens, proper use of force to subdue citizens, how to respond when a fellow officer uses unjustifiable excessive force on a citizen, failure to discipline officers with respect to violations of laws and policies, and failure to adequately investigate citizens' complaints.  This one alleged instance in the Complaint does not constitute a pattern.

The Complaint simply does not contain any fact that would move the claims regarding an unconstitutional official pattern, practice or custom into the realm of the plausible and Count V of the Complaint must be dismissed.

### VI.   COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO SET FORTH OR INCORPORATE FACTS WHICH SET FORTH A PLAUSIBLE CLAIM FOR PUNITIVE DAMGES.

Plaintiff, in Count VI of his Complaint which serves as an *ad damnum* clause, asks this Court for punitive damages against Defendants.  Under Delaware state law, however, punitive damages require conduct that is outrageous, done with an evil motive, or reckless indifference to the rights of others.  *Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987) ("The penal aspect and public policy considerations which justify the imposition of punitive damages require that they be imposed only after a close examination of whether the defendant's conduct is 'outrageous,' because of 'evil motive' or 'reckless indifference to the rights of others.'" (quoting RESTATEMENT (SECOND) OF TORTS § 908, comment b)).  Even if Plaintiff's claims of negligence survive, there is no fact-based allegation that Plaintiff's Complaint from which the Court could infer that the Officer Defendants' conduct was intentional or malicious.  At best, Plaintiff alleges that an accident occurred – no more.  Such threadbare accusations cannot form the basis for the award of punitive damages.  *Fedor v. Van Note-Harvey Associates*, 2011 U.S. Dist. LEXIS 29446, *4 (E.D. Pa. March 18, 2011) ("Other than the broad and conclusory allegation that defendants' conduct 'was outrageous in that it was malicious, wanton, willful, oppressive and/or showed a reckless indifference to the interests, lives, and safety of others … , plaintiff's complaint contains no specific allegations that would support his claim for punitive damages. His remaining allegations lack sufficient factual detail to demonstrate that any of defendants' actions were outrageous or reckless."); *Allegrino v. Conway E & S, Inc.*, 2010 U.S. Dist. LEXIS 106734, *39 (W.D. Pa. Oct.

6, 2010) ("Plaintiff has alleged mere negligent conduct by RTI, through Pryor's actions . . . . However, in the Court's estimation, Plaintiff has not sufficiently pled a claim for punitive damages against RTI pursuant to *Twombly* and *Iqbal*."); *316, Inc. v. Maryland Cas. Co.*, 625 F. Supp. 2d 1179, 1182 (N.D. Fla. 2008) ("[T]he amended complaint fails to contain enough factual matter (taken as true even if doubtful in fact) to establish a 'plausible,' as opposed to merely a 'possible' or 'speculative,' entitlement to punitive damages." (citing *Twombly*)).  Moreover,  Delaware case law is clear that the Plaintiff cannot recover any punitive damages, or damages for mental and emotional pain, from a municipality.  *Schueler*, 674 A.2d at 887.

## <u>CONCLUSION</u>

Plaintiff's Complaint fails to allege facts that are necessary to set forth a claim for which this Court can grant the relief requested.  Plaintiff has failed to, among other things, plead that a municipal policy or custom caused her alleged constitutional deprivation which is necessary to state a Section 1983 claim against the City under *Monell v. Dept. of Soc. Svcs. of the City of New York*.  In addition, Plaintiff's negligence claims fail to plead facts from which this Court can conclude that the City and the Officer Defendants are not immune from such claims.  For these reasons, the Court should grant the Motion and dismiss Plaintiff's Complaint in its entirety.

**CITY OF WILMINGTON LAW DEPARTMENT**


      */s/Aaron C. Baker*
Aaron C. Baker, Esquire (No. 5588)
Laura Nastase Najemy, Esquire (No. 6189)
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2186
acbaker@wilmingtonde.gov
*Attorneys for Defendants*

Dated: August 24, 2020

W0111627.

20