**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DEVANTE E. LLOYD, )
)
Plaintiff, ) Case No.: 1-20-cv-00942 MN
)
vs. )
)
CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, OFFICER CHRISTOPHER W. WHITE, Individually and as agent of the City of Wilmington Police Department, OFFICER BRANDON D. PAYNE, Individually and as agent for the City of Wilmington Police Department, )
)
Defendants. )

---

**PLAINTIFF'S ANSWERING BRIEF IN RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

BIFFERATO GENTILOTTI, LLC
Matthew M. Bartkowski, Esquire
(Delaware Bar No. 3236)
4250 Lancaster Pike, Suite 130
Wilmington, DE 19805
(302) 429-1900
mbartkowski@bglawde.com
*Attorney for Plaintiff*

Dated: September 22, 2020

# TABLE OF CONTENTS


| | Page |
|---|---|
| TABLE OF AUTHORITIES.......................................................... | ii |
| STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.... | 1 |
| SUMMARY OF THE ARGUMENTS.................................................. | 3 |
| STATEMENT OF THE FACTS...................................................... | 4 |
| ARGUMENT................................................................................ | 6 |
| I. COUNT I OF PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH FACTS TO STATE A CLAIM FOR NEGLIGENCE AGAINST OFFICER WHITE. .............................................. | 7 |
| A. Plaintiff has properly pled sufficient facts to establish each of the elements of negligence claims against Officer White. ........ | 7 |
| B. Plaintiff has sufficiently pled facts to establish that Officer White is not immune under the County and Municipal Torts Claim Act. .......................................................... | 10 |
| II. PLAINTIFF HAS SET FORTH SUFFICIENT FACTS TO SUSTAIN A CLAIM AGAINST OFFICER PAYNE IN COUNT II OF THE COMPLAINT. ............................................................ | 12 |
| III. COUNT III OF THE PLAINTIFF'S COMPLAINT SETS FORTH A VALID CLAIM FOR AGENCY AND VICARIOUS LIABILITY AGAINST THE CITY AND THE WPD. .................................... | 13 |
| IV. COUNT IV OF THE PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH A CLAIM UNDER SECTION 1983 AGAINST THE OFFICER DEFENDANTS FOR THE USE OF EXCESSIVE FORCE. ..... | 13 |
| V. COUNT V OF THE PLAINTIFF'S COMPLAINT PROPERLY SETS FORTH AND INCORPORATES SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES. ................................... | 14 |
| VI. COUNT IV OF THE PLAINTIFF'S COMPLAINT PROPERLY SETS FORTH AND INCORPORATES SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES........................................ | 14 |
| CONCLUSION................................................................................ | 16 |

# TABLE OF AUTHORITIES


**Cases:** **Page:**

*Bell Atl. Corp. v. Twombly*, 550 *U.S.* 544 (2007)........................................... 6

*Bergstresser v. Bristol-Myers Squibb Co.*, No. 3:12-1464, 2013 U.S. Dist. LEXIS 58482 (M.D. Pa. Apr. 24, 2013)................................ 9

*Boughton v. Division of Unemployment Ins. of Dep't of Labor*, 300 A.2d 25 (Del. Super. 1972)........................................................ 11

*Brzoska v. Olson*, 668 A.2d 1355 (Del. 1994)............................................ 12

*Central Mortgage Company v. Morgan Stanley Mortgage Capital Holdings, LLC.*, 27 A.3d. 531 (2001)................................................ 6

*City of Wilmington v. Sikander*, 897 A.2d 767 (Del. 2006)............................. 10

*Feld v. Merriam*, Pa. Supr., 506 Pa. 383, 485 A.2d 742, 7489 (1984)...................... 15

*Holmes v. City of Wilmington*, 79 F. Supp. 3d. 497 (D. Del. 2015)...................... 6, 7

*Jardel Co. v. Hughes*, 523 A.2d 518 (Del. 1987)......................................... 11, 15

*McCafferty v. City of Wilmington*, 133 A.3d 536 (Del. 2016)........................... 11

*Monell v. Department of Social Services*, 436 U.S. 658 (1978)......................... 3, 14

*Phillips v. Cnty. of Allegheny*, 515 F.3d. 224 (3d. Cir. 2008).............................. 7

*Robinson v. Clemons*, 987 F. Supp. 280 (D. Del. 1998).................................. 13

*Rodriguez v. City of Portland*, 2009 U.S. Dist. LEXIS 98562 (D. Or. Oct 21, 2009)...................................................................... 8

*Savor, Inc. v. FMR Corp.*, 812 A.2d 894 (Del. 2002)...................................... 6

*Terry v. Ohio*, 392 U.S. 1, 20 L.Ed 2d 889, 88 S.Ct. 1868 (1968)...................... 13

*United States Exrel. Wilkins v. United Health Grp., Inc.*, 659 F.3d. 295, (3d. Cir. 2011)............................................................................ 6

**Page:**

*Van Nguyen v. Boeing Co.*, No. C10-0415 MJP, 2010 U.S. Dist. LEXIS 51514 (W.D. Wash May 25, 2010) ........ 9

**Statutes:**

10 *Del.C.* §4010 *et seq.* ........ 3

10 *Del.C.* §4011(c) ........ 10, 12

10 *Del.C.* §4012(1) ........ 10

21 *Del.C.* §4106(c) ........ 10

21 *Del.C.* §4106(d) ........ 10

21 *Del.C.* §4106(e) ........ 10

21 *Del.C.* §4136 ........ 7, 8

21 *Del.C.* §4168 ........ 7, 8

21 *Del.C.* §4176 ........ 7, 8

42 *U.S.C.* §1983 ........ 1, 3, 13

**Rules:**

Federal Rules of Civil Procedure 8 ........ 8

Federal Rules of Civil Procedure 8(d) ........ 8

Federal Rules of Civil Procedure 12(b)(6) ........ 6

Federal Rules of Civil Procedure 15(A)(2) ........ 16

**Treatises:**

Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure §1215 (2d. Ed. 1987) ........ 8

Restatement (Second) of Torts, §29 ........ 12

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

The Plaintiff, Devante E. Lloyd, filed a *Complaint* [D.I. No. 1-1] in the Superior Court of the State of Delaware on April 2, 2020. The case arises from an incident that occurred on April 27, 2018. The Plaintiff was operating a motor vehicle and was pulled over by the Defendants, Officers Christopher W. White and Brandon D. Payne. Compl. [D.I. No. 1-1] ¶6. After speaking with the Officers, the Plaintiff traveled by foot on Fifth Street when he was struck by a vehicle owned by the City of Wilmington ("City")/Wilmington Police Department ("WPD") and operated by the Defendant, Officer White. *Id.* ¶¶*6, 8, 9.* After the Plaintiff was struck by the vehicle, the Defendant, Officer Payne threw him to the ground striking him repeatedly. *Id.* ¶10. Thereafter, Officer White dragged the Plaintiff's severely injured body onto the sidewalk. *Id.* ¶ 11.

Plaintiff has asserted negligence and intentional tort claims against the individual Defendant Officers and the City, as well as excessive force claims under 42 *U.S.C.* §1983 ("Section 1983") against all of the Defendants. *Id.* ¶3-7

The Defendants subsequently filed a *Notice of Removal* [D.I. No. 1] removing the case from the Superior Court of the State of Delaware to this Court.

The parties had filed a *Stipulation and (Proposed) Order Governing Briefing of the Defendants' To-Be Filed Motion to Dismiss* [D.I. No. 4] which permitted the Defendants to file their Motion to Dismiss and an Opening Brief in support no later than August 25, 2020. [D.I. No. 5] at 2. The Plaintiff's Answering Brief was to be filed no later than September 23, 2020.

On August 24, 2020, the Defendants filed their *Motion to Dismiss Plaintiff's Complaint* and their *Opening Brief* in Support of the Motion. [D.I. No. 7].

On September 22, 2020, the Plaintiff filed his Response to the Defendants' Motion to Dismiss the Plaintiff's Complaint. This is the Plaintiff's Answering Brief in support of his Response.

**SUMMARY OF THE ARGUMENTS**

The Plaintiff has properly pled claims against the Officer Defendants in Count I and II of his Complaint to establish that Defendants were negligent and committed intentional acts under Delaware law. The Plaintiff has also successfully established that the Officer Defendants are not immune to tort claims under the County and Municipal Torts Claims Act, 10 *Del.C.* §4010 *et. seq.* (the "MCTA") based on their grossly negligent, reckless/wanton and intentional conduct. The Plaintiff has also established that the City/WPD is liable for the negligence of Officer White pursuant to the MCTA as a result of his conduct while operating the motor vehicle owned by the City/WPD.

The Plaintiff has also set forth sufficient facts to show that under Court IV of the Complaint alleging excessive use of force by the Defendant Officers, the Plaintiff was stopped, seized and detained. The allegations properly plead a claim under Section 1983 for excessive force.

In Count V, the Plaintiff has properly alleged facts to establish a claim under *Monell v. Department of Social Services, 436 U.S. 658 (1978)* against the City of Wilmington pursuant to Section 1983.

Lastly, the Plaintiff has set forth sufficient facts to show that he is entitled to punitive damages in the claims against the Officer Defendants in Count VI of the Complaint.

## STATEMENT OF THE FACTS

The City is a municipal corporation of the State of Delaware which operates a law enforcement agency known as the City of Wilmington Police Department. Compl. [D.I. No. 1-1] ¶2. It is under a duty to run its policing activities in a lawful manner as to preserve its citizens the rights, privileges and immunities guaranteed by the Constitution and laws of the United States and State of Delaware. *Id.* ¶2.

On April 27, 2018, the Officer Defendants were employees of the City/WPD and were acting under the color of law within the scope of their employment. *Id.* ¶3-4. On the date of the incident, the Plaintiff was operating his vehicle on Broom Street in Wilmington, Delaware. *Id.* ¶5. He was subsequently pulled over by the Officer Defendants. *Id.* ¶8. After speaking to the Officer Defendants, Plaintiff traveled by foot turning right onto Fifth Street in Wilmington. *Id.* ¶8. While Plaintiff was running, Defendant Officer White drove the police vehicle, owned by the City/WPD, down Fifth Street at an unsafe speed, turned onto the sidewalk, struck the Plaintiff and forced his body onto a stone wall adjacent to the sidewalk on which he was traveling. *Id.* ¶¶9, 13. The Officer's actions were negligent, grossly negligent, intentional, wanton, malicious, oppressive and/or reckless. ¶¶13, 24.

After the Plaintiff was struck by the vehicle operated by Defendant, Officer White, the Defendant, Officer Payne, who was following the Plaintiff on Fifth Street, violently threw the Plaintiff to the ground, struck him repeatedly with his hands, knees and legs. *Id.* ¶10. Defendant, Officer Payne, did so even though the Plaintiff had sustained serious injuries as a result of being struck by the vehicle operated by Officer White. *Id.* ¶9. His conduct was negligent, grossly negligent, intentional, wanton, malicious, oppressive and/or reckless. *Id.* ¶¶15, 16, 24. Officer

White then dragged Plaintiff onto the sidewalk, knowing he sustained substantial injuries caused by Officer White's conduct. ¶11.

As a result of the conduct of the Defendant Officers, Plaintiff sustained past and present physical injury, mental and emotional pain. *Id.* ¶34. He also has incurred (and will incur) medical expenses. *Id.* ¶34.

**ARGUMENT**

Plaintiff initially filed his Complaint in the Superior Court of the State of Delaware. *Id.* p. 2. "The pleading standards governing a motion to dismiss stage for proceeding in Delaware, however, are minimal." *Central Mortgage Company v. Morgan Stanley Mortgage Capital Holdings, LLC.*, 27 A.3d. 531, 536 (2001) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002)). "When considering defendant's motion to dismiss, a trial court should accept all well-pleaded factual allegations in the Complaint as true, accept even vague allegations in the Complaint as 'well-pleaded,' if they provided defendant notice of the claim, draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof." *Central Mortgage Company* at 536. Indeed, it may, as a factual matter, ultimately prove impossible for the plaintiff to prove his claims at a later stage of the proceeding, but that is not a test to survive a motion to dismiss." *Id.* at 536.

After removing the case from the Superior Court, the Defendants subsequently filed their Motion to Dismiss. [D.I. No. 1]. "A motion filed under *Federal Rule of Civil Procedure*, 12(b)(6), tests the sufficiency of the Complaint's factual allegations." *Bell Atl. Corp. v. Twombly,* 550 *U.S.* 544, 555 (2007). "A complaint must contain a short and plain statement of the claims showing the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Holmes v. City of Wilmington,* 79 F. Supp. 3d. 497 (D. Del. 2015) (citing *Twombly*, 550 *U.S.* at 545). "The court's determination is not whether the non-moving party will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Holmes,* 79 F. Supp. 3d. at 505 (citing *United States Exrel. Wilkins v. United Health Grp., Inc.*, 659 F.3d. 295, 302 (3d. Cir. 2011) (internal quotation marks omitted) "This does not

impose a probability requirement at the pleading stage, but instead simply cause for enough facts to raise a reasonable expectation that discovery will reveal evidence [of the necessary element.]" *Holmes*, 79 F. Supp. 3d. at 505 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d. 224, 234 (3d. Cir. 2008).

## I. COUNT I OF PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH FACTS TO STATE A CLAIM FOR NEGLIGENCE AGAINST OFFICER WHITE.

### A. Plaintiff has properly pled sufficient facts to establish each of the elements of negligence claims against Officer White.

The Plaintiff has set forth in his Complaint that on the day of the accident, Officer White was an employee of the City/WPD operating a vehicle that was owned by the Municipality. Compl. ¶¶3, 9. He and Officer Payne pulled over the Plaintiff's vehicle. At all times, Plaintiff was not physically threatening nor violent. *Id.* ¶7. After he spoke to the Officers, the Plaintiff exited the car and fled on Fifth Street. *Id.* ¶8. As a result of the conduct of Officer White, the Plaintiff sustained serious injuries. Despite having significant injuries, Office Payne then forcibly and violently threw the Plaintiff to the ground and struck him multiple times with his hands, knees and legs. *Id.* ¶10. Thereafter, Officer White dragged the Plaintiff onto the sidewalk despite the fact that knew or should have known the Plaintiff was significantly injured. *Id.* ¶11.

Plaintiff goes on to set forth the reasons why Officer White's conduct was negligent, grossly negligent, intentional and/or reckless. *Id.* ¶9. Plaintiff specifically alleged that Officer White failed to keep a proper lookout, failed to maintain proper control of the vehicle he was operating, operated his vehicle in a careless, reckless and/or inattentive manner, in violation of 21 *Del.C.* §4176, operated his vehicle at an unsafe speed, in violation of 21 *Del.C.* §4168, operated his vehicle upon a sidewalk, in violation of 21 *Del.C.* §4136, intentionally struck the Plaintiff and

forcefully dragged the Plaintiff onto the sidewalk when he knew or should have known the action would have caused injury to the Plaintiff.

The facts show that Officer White had a duty to the Plaintiff to operate his vehicle in a proper manner under the common law and Delaware statutes. He breached that duty by driving on the sidewalk, operating the vehicle at an unsafe speed and intentionally struck the Plaintiff. He also breached the duty by failing to comply with the Delaware Rules of the Road (21 *Del.C.* §§4136, 4168 and 4176). Additionally, he intentionally struck the Plaintiff with his vehicle. The impact of the vehicle on Plaintiff's body, along with his actions of dragging the Plaintiff, was one of the proximate causes of the Plaintiff's injuries.

Not only do the facts alleged in the Complaint provide notice to the Defendants of the grounds for the claim, they provide sufficient content which allows the Court to draw the reasonable inference that Defendant, Officer White, was negligent, grossly negligent, reckless/wanton and intended to cause the injuries of the Plaintiff.

The Defendants have suggested that the Plaintiff's allegation that Officer White was negligent, grossly negligent, intentional and/or reckless is not consistent and insufficient under *Federal Rules of Civil Procedure* 8. [D.I. 7] p. 7. However, *Rule* 8(d) provides for Alternate Statements of a Claim or Defense. This section states, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." "Additionally, the function of pleadings, after all, is to give the opposing party fair notice of the nature and basis of the grounds of the claim and, in general, indication of the type of litigation involved; the discovery process bears the burden of filling in the details." *Rodriguez v. City of Portland*, 2009 U.S. Dist. LEXIS 98562 (D. Or. Oct. 21, 2009) (citing 5 *Charles Allen*

*Wright and Arthur R. Miller*, Federal Practice and Procedure, §1215 (2d. Ed. 1987) (internal quotation marks omitted). Based upon the facts which were asserted in the Complaint, Officer White's conduct was intentional in driving upon the sidewalk and striking the Plaintiff. However, it is possible the Officer Defendants may try to minimize their actions during discovery or at trial. Ultimately, the jury will have to decide if he acted intentionally or was merely negligent, grossly negligent or reckless/wanton.

Defendants go on to allege that the Plaintiff did not identify the injuries that he suffered as a result of the conduct of the Defendants. Plaintiff has set forth that as a result of the negligence, gross negligence, intentional, and/or reckless/wanton conduct of the Defendants, he sustained physical, mental and emotional pain, past and present. He has also incurred medical expenses in the past and will require additional expenses in the future. It is consistent with the mechanism of being forced into a stone wall, violently thrown to the ground, struck repeatedly by an officer's fist and dragged upon the sidewalk, the Plaintiff would sustain physical, mental and emotional pain, as well as incurring medical expenses. The cases cited by the Defendants do not support their claim that the Plaintiff was required to allege any additional description of his injuries. In *Bergstresser v. Bristol-Myers Squibb Co.*, No. 3:12-1464, 2013 U.S. Dist. LEXIS 58482 (M.D. Pa, Apr. 24, 2013), the Court indicated that the plaintiff had failed to set forth allegations sufficient to state a claim for strict liability based upon a manufacturing defect. The Court did not specify that the plaintiff's claims of injury were vague and conclusory, but merely outlined all of the allegations set forth by the plaintiff and found them insufficient to properly allege a strict liability claim. Similarly, the Court in *Van Nguyen v. Boeing Co.,* No. C10-0415 MJP, 2010 U.S. Dist. LEXIS 51514 (W.D. Wash. May 25, 2010), merely stated that the plaintiff did not plead his entire

claim sufficiently. As such, the Defendants have not provided any caselaw which states that the Plaintiff's description of suffering physical, mental and emotional injury is not acceptable.

**B. Plaintiff has sufficiently pled facts to establish that Officer White is not immune under the County and Municipal Torts Claim Act.**

Under the MCTA, a governmental employee is immune from suit and all torts seeking recovery of damages except an employee may be personally liable for acts or omissions causing property damage, bodily injury or death, an instance in which the Government is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent. 10 *Del.C.* §4011(c). A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment whether mobile or stationary. 10 *Del.C.* §4012(1). In addition to the exceptions to immunity identified above, operators and owners of emergency vehicles are subjected to liability under the Authorized Emergency Vehicle Statute ("AEVS"). "The driver of an emergency vehicle is not liable for any damage to or loss of property or any personal injury or death caused by negligent or wrongful act or omission of such driver except acts or omissions amounting to gross negligence or willful or wanton negligence... The owner of such emergency vehicle may not assert the defense of government immunity in any action on account of any damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of such driver or owner." 21 *Del.C.* §4106(d). A police vehicle is deemed an emergency vehicle 21 *Del.C.* §4106(e) of the AEVS. The Court in *City of Wilmington v. Sikander*, 897 A.2d 767 (Del. 2006) addressed the interplay between the sections. The Court concluded that under both, the City is solely liable

for the driver's ordinary negligence otherwise not privileged (failure to keep a proper lookout, e.g.) and the police officer would be liable for his gross negligence or willful or wanton negligence and acts performed with willful and malicious intent. *Id. at 767.* In the present case, the City is responsible for the negligence of Officer White, while the police officer is liable for his gross negligence, wanton negligence, or willful and malicious intent.

The Plaintiff has alleged that the conduct of the Defendant Officer was intentional wanton, malicious and oppressive. Compl. ¶24. Further, the Plaintiff set forth in his Complaint that Officer White was negligent, grossly negligent, intentional and/or reckless in striking the Plaintiff with a police vehicle and dragging him to the sidewalk when he knew that the Plaintiff had sustained significant injuries. Compl. ¶13. Whether a defendant's action is grossly negligent, reckless, wanton, or intentional depends the state of mind of the actor. Gross negligence signifies more than ordinary advertence or inattention. *Jardel Co. v. Hughes,* 523 A.2d 518, 530 (Del. 1987). Reckless is when the actions represent a conscious indifference to the rights of others. *Id.* at 530. It involves the actor's state of mind and the issue of foreseeability, or the perception the actor had or should have had of the risk of harm which his conduct would create. *Id.* at 530. Wanton means heedless, malicious or reckless. *Boughton v. Division of Unemployment Ins. of Dep't of Labor*, 300 A.2d 25, 26 (Del. Super. 1972). Wanton conduct is defined as "[s]uch conduct as exhibits a conscious indifference to the consequences and circumstances where the probability of harm to another within the circumference of the conduct is reasonably apparent although harm to such other is not intended." The "conscious indifference" aspect of wantonness requires an "I-don't-care" attitude. *McCafferty v. City of Wilmington*, 133 A.3d 536, 547 (Del. 2016).

Based on the facts in the Complaint, Officer White's conduct on the day of the incident exceeded the standard for gross negligence. His actions were certainly more than ordinary

advertence or inattention. The facts alone support a reasonable inference that Officer White acted, at least, recklessly/wantonly in striking the Plaintiff with his motor vehicle and dragging his injured body across the sidewalk. This conduct represented a conscious indifference or "I-don't-care" attitude towards the Plaintiff. Not only were the actions reckless/wanton, it is plausible Officer White intended to strike the Plaintiff causing him harm and injury. The Plaintiff was not physically threatening nor violent with Officer White and was trying to get away from the Officers. ¶8. Officer White then drove his vehicle onto the sidewalk intentionally striking the Plaintiff. His actions amounted to an assault and battery upon the Plaintiff. Assault is the intention to cause an apprehension by violent physical contact. *Restatement (Second) of Torts*, §29. Battery is the intentional, unpermitted contact upon the person. *Brzoska v. Olson*, 668 A.2d 1355, 1359 (Del. 1994). Striking the Plaintiff with the police vehicle forcing his injured body on the stone wall was as intentional unpermitted attack.

Based on the MCTA and the AEVS, Officer White is liable for his gross negligence, reckless/wanton and intentional conduct.

## II. PLAINTIFF HAS SET FORTH SUFFICIENT FACTS TO SUSTAIN A CLAIM AGAINST OFFICER PAYNE IN COUNT II OF THE COMPLAINT.

Similar to Officer White, Officer Payne is responsible for his reckless/wanton, negligent and intentional acts under the MCTA. 10 *Del.C.* §4011(c). After the Plaintiff was seriously injured at the hands of Officer White, Officer Payne violently threw him to the ground, striking him repeatedly. Compl. ¶¶10, 25. His conduct demonstrated a conscious indifference to the Plaintiff and knew his actions would cause harm to the Plaintiff and were, at the very least, reckless/wanton. Not only was his conduct reckless/wanton, the actions were intentional and rise to the level of an

assault and battery. Officer Payne intentionally threw the Plaintiff to the ground and struck him with his hands, knees and legs.

Based on the facts alleged by the Plaintiff, it is plausible Officer Payne acted recklessly/wantonly and intentionally and is not immune under MTCA individually for his conduct.

### III. COUNT III OF THE PLAINTIFF'S COMPLAINT SETS FORTH A VALID CLAIM FOR AGENCY AND VICARIOUS LIABILITY AGAINST THE CITY AND THE WPD.

As indicated previously, the City/WPD is liable for Officer White's negligent acts in operating the motor vehicle pursuant to MTCA and the AEVS. Officer White is liable for his gross negligence, reckless/wanton negligence and his intentional actions. Office Payne is liable for his reckless/wanton and intentional acts.

### IV. COUNT IV OF THE PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH A CLAIM UNDER SECTION 1983 AGAINST THE OFFICER DEFENDANTS FOR THE USE OF EXCESSIVE FORCE.

The Defendants claim that the Plaintiff has not alleged any facts that he was arrested, taken into custody, stopped, or otherwise restrained. [D.I. No. 7 p. 15]. A seizure under the Fourth Amendment occurs when "Law enforcement officials have by means of physical force or show of authority…in some way restrain the liberty of a citizen." *Robinson v. Clemons*, 987 F. Supp. 280, 285 (D. Del. 1998) citing *Terry v. Ohio,* 392 *U.S.* 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968). The Officers pulled over the Plaintiff when he was operating a motor vehicle, struck him with a police vehicle, threw him on the ground, hit him multiple times and dragged his body across the sidewalk. Compl. ¶¶5-11. There is no question the Officers restrained the liberty of the Plaintiff by physical force. In fact, the Defendants stated in their Opening Brief that the "[p]laintiff's claims arise from

a traffic stop, foot pursuit and arrest in which he alleges that the officer defendants caused the injury to the plaintiff." [D.I. No. 7 at p. 5]. Clearly, the defense agrees that the Plaintiff was stopped, arrested and seized. Officer White is liable for his gross negligence, reckless/wanton and intentional actions under the MTCA and AEVS. Officer Payne is liable for this reckless/wanton conduct under the MTCA.

## V. PLAINTIFF HAS PROPERLY ALLEGED FACTS TO ESTABLISH A *MONELL* CLAIM AGAINST THE CITY AND WPD.

The Plaintiff has provided a short and plain statement of the claims against the City/WPD to provide the Defendants fair notice of the claim. The claims raise a reasonable expectation that discovery will reveal evidence of the customs or policy of the City/WPD related to the proper use of force, officer discipline, and investigation of its citizen's complaints. The allegations are not merely conclusory, but establish the specific policies, practices or customs which proximately caused Plaintiff's injuries. He has specifically pled the City/WPD failure to adequately train and educate their officers in its proper procedures to employ when interacting with citizens. Compl. ¶28, as well as the proper use of force to subdue citizens. Compl. ¶28. Additionally, the Plaintiff pled the City/WPD failed to discipline their officers for violation of its policies regarding the use of force. Compl. ¶28. Each allegation identifies the specific area in which the policies, practices or customs of the City/WPD have failed. Should the Court grant the motion related to the City/WPD, the Plaintiff requests that it be done without prejudice, allowing the Plaintiff to seek leave to add a *Monell* claim once he has been able to complete discovery.

## VI. COUNT VI OF THE PLAINTIFF'S COMPLAINT PROPERLY SETS FORTH AND INCORPORATES SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES.

The standard for punitive damages is set forth in the case cited by the Defendants, *Jardel Co. v. Hughes*. The standard requires that the Defendants' conduct is "outrageous," because of "evil motives" or reckless indifference to the rights of others. *Id.* at 530. The Defendants' actions must be tested under the standard of recklessness. *Id.* at 530. "Two significant elements must be present for recklessness to exist. The first is the act itself, … the second crucial element involves the actor's statement of mind and the issue of foreseeability or the perception the actor had or should have had of the risk of harm which his conduct would create. The actor's state of mind is, thus, vital." *Id.* at 530. Citing *Feld v. Merriam*, Pa. Supr., 506 Pa. 383, 485 A.2d 742, 748 (1984). As indicated in Sections I and II, the actions of the Officers on the date of the incident not only show that they acted recklessly/wantonly but were intentional. Officer White intentionally struck the Plaintiff when he drove his vehicle onto the sidewalk at an unsafe speed striking the Plaintiff forcing him into a stone wall. Officer Payne intentionally threw the Plaintiff to the ground striking him repeatedly. Officer White then, intentionally, dragged the Plaintiff onto the sidewalk knowing that the Plaintiff had sustained significant injuries. Clearly, based upon these facts, the Defendants exhibited a conscious indifference to the rights of the Plaintiff, and knew, or should have known, the risk of harm their actions would create.

**CONCLUSION**

The Defendants' Motion should be denied as the Plaintiff sufficiently pled the facts to support all of his claims in his Complaint. If the Court finds his Complaint to be insufficient, the Plaintiff asks the Court to afford him the opportunity to amend his Complaint, pursuant to *Federal Rules of Civil Procedure,* 15(A)(2).

Respectfully submitted,

BIFFERATO GENTILOTTI, LLC

*/s/ Matthew M. Bartkowski*
Matthew M. Bartkowski, Esq.
(Del. Bar No. 3236)
4250 Lancaster Pike, Suite 130
Wilmington, DE 19805
Tel: 302-429-1900/Fax: 302-832-7540
Email: mbartkowski@bglawde.com
Attorney for Plaintiff

Dated: September 22, 2020